# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
### Civil Action No.

RAYMOND SCHMOKE,

      Plaintiff,

v.

J. ARTHUR DOSHER MEMORIAL
HOSPITAL FOUNDATION, INC.,

      Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Raymond Schmoke ("Plaintiff) brings this action for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"), and wrongful discharge in violation of North Carolina public policy as set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 ("NCEEPA"). Plaintiff seeks all available remedies, including, but not limited to, compensatory, punitive, and liquidated damages, as authorized by law.

## PARTIES

1. Plaintiff is an adult male and at all relevant times resided in Wilmington, North Carolina.

2. J. Arthur Dosher Memorial Hospital Foundation, Inc. ("Defendant") is an entity formed under the laws of North Carolina, with Defendant's principal office located at 924 N. Howe Street, Southport, NC 28461. Defendant employed Plaintiff during the events giving rise to this action.

1

## JURISDICTION AND VENUE

3. The causes of action set forth in this Complaint arise under the ADEA, as amended. 29 U.S.C. §621. et seq.

4. The United States District Court for the Eastern District of North Carolina has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because at all times relevant to this Complaint Plaintiff was employed by Defendant in Southport, North Carolina.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age and retaliation.

8. Plaintiff filed his charge with the EEOC on February 23, 2025.

9. Plaintiff received a Notice of Right to Sue from the EEOC on April 10, 2025 and timely files this Complaint.

## GENERAL ALLEGATIONS

10. In 2013, Plaintiff began working for Defendant as Chief Hospitalist.

11. At all times, Plaintiff was a highly qualified and dedicated employee of Defendant.

2

12.     On September 3, 2024, Plaintiff was abruptly informed that he was being terminated.

13.     At the time of termination, Plaintiff was 73 years old. At all relevant times, Defendant knew Plaintiff was in a protected class of age.

14.     Defendant made false allegations that Plaintiff was retiring.

15.     Plaintiff made it clear to Defendant at all times that he planned to work at least two more years, potentially longer.

16.     On September 5, 2024, Plaintiff received written notice of his termination, citing "staffing changes" as the reason for termination.

17.     Plaintiff was informed that Defendant was hiring Dr. Mesha Chadwick, a much younger woman, to replace Plaintiff.

18.     Plaintiff complained that he was being terminated because of his age.

19.     Upon information and belief, Defendant failed to conduct any investigation of Plaintiff's age discrimination complaint.

20.     After abruptly notifying Plaintiff he was going to be fired, Defendant apparently could not find anyone to work during the impending Christmas holiday.

21.     On November 11, 2024, Plaintiff received a phone call from Dr. Chadwick and Deanna Parker, a representative from Human Resources, requesting that, despite being notified in September that he was going to be terminated on December 3, 2024, that the hospital now needed him to work his previously scheduled shifts over the Christmas holiday.

22.     At no time did Defendant inform Plaintiff that it was rescinding his termination date of December 3, 2024.

23.     On December 3, 2024, Plaintiff was terminated.

3

24. On December 23, 2024, Plaintiff received a letter from Defendant notifying him that his Medical Staff membership and privileges with Defendant were no longer effective, falsely stating that Plaintiff had notified Defendant of his "voluntary relinquishment."

25. In said letter, it was also stated that Plaintiff "left" Defendant in good standing.

26. Plaintiff had not voluntarily relinquished his membership or privileges with Defendant.

27. After being notified that Plaintiff was pursuing this lawsuit, on February 11, 2025, Plaintiff received a letter from Defendant stating that he had "overdue and incomplete medical records."

28. Plaintiff had not been made aware of any incomplete medical records at any point prior to his termination or prior to Defendant being made aware Plaintiff had hired a lawyer to file this lawsuit.

29. Plaintiff therefore believes and avers that Defendant discriminated and retaliated against him due to his age and complaints of age discrimination.

30. Defendant's discriminatory and retaliatory actions have caused Plaintiff considerable hardship and emotional impact, further increasing his damages.

## <u>COUNT I</u>
### Violation of ADEA, 29 U.S.C. § 621, *et seq.* - Disparate Treatment

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32. According to 29 U.S.C. § 623(a), it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . ."

4

33. Plaintiff was born in 1951 and was seventy-three (73) years old at the time of the adverse actions alleged herein.

34. Plaintiff is a member of a protected class as he is over the age of 40.

35. Plaintiff had satisfactory job performance and was not otherwise subject to discipline.

36. Defendant treated Plaintiff less favorably than substantially younger employees by terminating him and replacing him with a younger physician, Dr. Chadwick.

37. Defendant violated the ADEA by discriminating against Plaintiff in whole or in part because of his age.

38. Defendant's acts described herein constitute a violation of the Age Discrimination in Employment Act's prohibition against age discrimination.

39. Defendant's conduct was willful and/or lacking of good faith.

40. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost wages and benefits, and other damages in an amount to be proven at trial. He is entitled to recover compensatory and liquidated damages in an amount to be proven at trial, including attorneys' fees and costs.

## COUNT II
### Violation of ADEA, 29 U.S.C. § 621, *et seq.* - Retaliation

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Upon learning that he was being terminated and replaced by a much younger person, Plaintiff complained that he was being discriminated against on the basis of age.

5

43.     According to 29 U.S.C. § 623(d), it is unlawful for an employer "to discriminate against any of his employees...because such individual… has opposed any practice made unlawful by this section…"

44.     In doing the acts alleged herein, Defendant retaliated against Plaintiff for opposing Defendant's unlawful age discrimination.

45.     As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost wages and benefits, and other damages in an amount to be proven at trial. He is entitled to recover compensatory and liquidated damages in an amount to be proven at trial, including attorneys' fees and costs.

### COUNT III
**Wrongful Discharge in Violation of Public Policy**

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Defendant employed at least fifteen (15) employees at all relevant times.

48.     Defendant violated the public policy of North Carolina as set forth in N.C.G.S. § 143-422.1, et seq. by terminating Plaintiff because of Plaintiff's age.

49.     As an actual, proximate, and foreseeable consequence of Defendant's conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

50.     Defendant's actions were done maliciously, willfully or wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

51.     Defendant's officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

6

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

1.	An Order awarding Plaintiff damages for Defendant's violation of the Age Discrimination in Employment Act, including backpay, lost wages, employment benefits, liquidated damages and any other compensation denied or lost because of Defendant's violation of the ADEA;

2.	An Order awarding Plaintiff compensatory damages for emotional distress, pain and suffering, inconvenience, and/or mental anguish in an amount to be proven at trial;

3.	An Order awarding Plaintiff punitive damages under N.C. Gen. Stat. § 1D-115 in an amount to be proven at trial;

4.	An Order awarding Plaintiff the costs of this action;

5.	An Order awarding Plaintiff reasonable attorneys' fees;

6.	An Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

7.	An Order granting any other necessary or appropriate relief to which Plaintiff is entitled under the law.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

/s/ L. Michelle Gessner
L. Michelle Gessner, NC State Bar No. 26590
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (844) 437-7637; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
Attorney for Plaintiff

7